```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY STOCKER MINA              :    CIVIL ACTION
TLC DREAMS FOUNDATION             :
THE TRUTH TODAY FOR A             :
BETTER TOMORROW POLITICAL         :
COMMITTEE                         :
                                  :
          v.                      :
                                  :
CHESTER COUNTY COURT OF           :
COMMON PLEAS, et al.              :    NO. 13-7622
```

## M E M O R A N D U M

**GOLDBERG, J.**                              **JULY        , 2014**

Plaintiff has filed a pro se Bivens[1] action and civil rights lawsuit against the Chester County Court of Common Pleas, judges, prosecutors, police officers, the Chester County Domestic Relations Section and employees of that office, probation officers, public defenders, private attorneys, a court reporter, the prothonotary, two newspapers, the Governor of the Commonwealth of Pennsylvania, a web design company and employees of that company, and a bank. His amended complaint (Document No. 12) deals with his criminal and civil cases in Chester County, and events that occurred during the period from 1996 to the present. For the following reasons, plaintiff's amended complaint (Document No. 12) will be dismissed pursuant to 28 U.S.C. § 1915(e).

---

[1] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court established a direct cause of action under the Constitution against federal officials for the violation of constitutional rights.

### A. Eleventh Amendment Immunity

The Chester County Court of Common Pleas is a state entity entitled to Eleventh Amendment immunity. See Benn v. First Judicial Dist. Of Pa., 426 F.3d 233 (3d Cir. 2005). Therefore, the claims against the Chester County Court of Common Pleas and the Domestic Relations Section of the Court will be dismissed.

### B. Judicial Immunity

Plaintiff is suing judges who presided over his cases in state court and in this court. However, absolute judicial immunity precludes plaintiff from asserting claims against them based on the way that they handled his cases. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000); see also Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam). Therefore, the claims against the judges must be dismissed.

### C. Review of State Court Decisions

The bulk of plaintiff's complaint deals with cases that he has filed in the Chester County Court of Common Pleas. However, a federal court does not have subject matter jurisdiction to review state court decisions under the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

### D. Claims under 42 U.S.C. §§ 1981, 1985 and 1986

Plaintiff is attempting to sue the non-state actors under 42 U.S.C. §§ 1981, 1985 and 1986. There are no allegations in the complaint that would support a finding that any of these defendants' actions were motivated by racial or class-based

animus or that there has been an interference with federal officials or federal court proceedings which is necessary to bring an action under 42 U.S.C. §§ 1981 and 1985. See Rivers v. Roadway Exp., Inc., 511 U.S. 298 (1994); Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993); Kush v. Rutledge, 460 U.S. 719, 724-25 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976). Without a § 1985 claim, there can be no claim under 42 U.S.C. § 1986. Id. at 841. Therefore, these claims will be dismissed.

### E. Prosecutorial Immunity

The doctrine of absolute immunity shields prosecutors from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is absolutely immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410. Accordingly, the claims against the district attorneys will be dismissed.

### F. Public Defenders

Plaintiff's claims against the public defenders must also be dismissed. In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney does not represent the state, and cannot be sued under § 1983. Polk County v. Dodson, 454 U.S. 312 (1981).

### G. Claims Regarding Criminal Investigations

Plaintiff is alleging, in essence, that some of the defendants violated his constitutional rights because they have failed to take any action in response to his requests to conduct investigations and file criminal charges against other individuals. These allegations do not support a finding that these defendants violated plaintiff's constitutional rights because there is no federal right to the investigation or criminal prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

### H. Statute of Limitations

The Supreme Court has held that civil rights claims are subject to the state statute of limitations governing personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). The Pennsylvania statute of limitations on a personal injury action is two years. See 42 Pa. Cons. Stat. Ann. § 5524. Plaintiff filed this action in this Court on December 27, 2013. Therefore, he is now time barred from bringing claims regarding events that occurred more than two years prior to December 27, 2013.

### I. Denial of Access to the Court

Plaintiff is alleging, in essence, that he was denied access to the court because his requests for transcripts were denied, he was not given a pin number to access the Chester County Court records, a petition that he attempted to file on a closed case was not filed and some of the orders from the court

were not mailed in a timely manner.  Plaintiff has failed to show that any of these things caused him to suffer an actual injury, which occurs when he is prevented from or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim.  <u>See Christopher v. Harbury</u>, 536 U.S. 403, 414-15 (2002).

    **J.**   **Supplemental Jurisdiction**

Because all of the claims over which this Court has jurisdiction will be dismissed, I will decline to exercise supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).