**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY STOCKER MINA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MONTGOMERY COUNTY, DA KEVIN R.** | : | |
| **STEELE, LUMBER LIQUIDATORS,** | : | |
| **MARY E. HOLMES, LISA BORKOWSKI,** | : | |
| **and JOHN/JANE DOE PROCESSOR** | : | **NO. 18-5556** |

## MEMORANDUM OPINION

**Savage, J.**                                                                                   **May 8, 2019**

### Introduction

This is the tenth action that plaintiff Anthony Stocker Mina has filed in the Eastern District of Pennsylvania since 2013.   In his first action, he named 41 defendants comprised of Chester County and its judges, District Attorney, domestic relations section employees, police officers, local officials, private criminal attorneys, and Tom Corbett, a former Pennsylvania Attorney General.   In a rambling and incomprehensible narrative, he claimed that the defendants, in an effort to prevent him from revealing corruption, conspired to deny him due process in his numerous state court civil and criminal matters from 1996 to 2013.   He subsequently filed eight actions, claiming the same Chester County conspiracy theory, new conspiracies, and abuse of process related to his civil actions in Montgomery and Delaware County state courts.   He added as defendants court and county officials from Montgomery and Delaware Counties, Lumber Liquidators, and federal judges who had ruled against him.   In both 2016 and 2018, Judge Gerald Pappert entered pre-filing injunctions, restricting Mina from filing new actions or submitting filings in the prior actions against the United States, its agencies and its employees, and specific

Chester County defendants who had filed motions to enjoin Mina. The injunctions were limited to those defendants who had moved for the entry of a pre-filing injunction.

Less than two months after the 2018 pre-filing injunction was issued, Mina filed this civil rights action[1] against Montgomery County, Montgomery County District Attorney Kevin Steele and Lumber Liquidators.[2] Once again, he asserts conspiracy and abuse of process claims. This time he brings them against Montgomery County, a judicial secretary and Lumber Liquidators. The claims stem from a warranty dispute he had with Lumber Liquidators eight years ago. The claims are virtually identical to the claims he asserted against Lumber Liquidators in two earlier federal actions and a pending civil action against Lumber Liquidators in the Montgomery County Court of Common Pleas in 2014. He asserts Steele violated his constitutional rights by failing to process and prosecute private criminal complaints he submitted against former Attorney General Kathleen Kane and Chester County District Attorney Tom Hogan. These claims are the same he had brought against Corbett in earlier federal actions. All the claims were dismissed in 2015 and 2016 for lack of subject matter jurisdiction for failure to state a legally sufficient federal cause of action because they were "so insubstantial, implausible . . . or completely devoid of merit as not to involve a federal controversy."

All of the represented defendants have moved to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.

---

[1] This case was originally assigned to Judge Pappert, but was reassigned.

[2] Two months later, Mina filed an amended complaint, in which he names three additional defendants — a secretary in the Montgomery County Court of Common Pleas and two employees of the Prothonotary's office.

Additionally, Lumber Liquidators has filed a motion to enjoin Mina from filing any future actions, motions or pleadings against it without leave of court.

Because Mina's claims asserted in the instant action are the same legally insufficient claims that failed to trigger federal jurisdiction three years ago, we shall dismiss them again for lack of subject matter jurisdiction. We shall also dismiss his claims against Lumber Liquidators, judicial staff and Montgomery County because he is asking us to review and vacate a state-court judgment, which is barred by the *Rooker-Feldman* doctrine. Even if there were jurisdiction, Mina's claims against Lumber Liquidators, judicial staff and Montgomery County are time-barred, and his claims against Steele are shielded by prosecutorial immunity.

Because the pre-filing injunctions Judge Pappert issued against Mina do not specifically prohibit him from instituting new actions against the defendants named in *this* lawsuit and do not restrict him from filing any new lawsuits based on the same claims or subject matter of his previous nine federal lawsuits, neither injunction applies. Given Mina's history of engaging in abusive and vexatious conduct by repeatedly filing frivolous lawsuits asserting the same causes of action, and his having filed this newest complaint in an attempt to relitigate the claims that have been dismissed repeatedly despite the existing injunctions, we shall grant the defendant's motion for an injunction and issue a broader injunction that restricts Mina from filing future baseless lawsuits without prior authorization.

## Background

*History of Mina's Claims Against Lumber Liquidators and Montgomery County*

Mina's allegations against Lumber Liquidators date back to 2011 when he purchased hardwood flooring from one of its stores. After a water leak caused blistering and discoloration of the newly installed flooring, Mina requested a full refund pursuant to its thirty-year warranty. Lumber Liquidators declined his refund request because the warranty did not cover damages caused by moisture. Mina claimed that Lumber Liquidators never disclosed this warranty exclusion. Consequently, in October of 2013, Mina filed a small claims action in magisterial district court in Montgomery County. After Lumber Liquidators failed to respond to the claim, a default judgment in the amount of $4,476.60 was entered in favor of Mina.[3]

Lumber Liquidators filed a notice of appeal in the Montgomery County Court of Common Pleas and a praecipe to enter a rule to file a complaint within twenty days. Mina was served three days later. Because Lumber Liquidators had failed to pay the filing fee, the notice of appeal was rejected. Lumber Liquidators subsequently paid the filing fee on January 2, 2014, but the appeal was rejected again because it was deemed untimely. When Mina attempted to comply with the rule to file a complaint by submitting his complaint in Lumber Liquidators' appeal, the Common Pleas court rejected his filing because there was no pending appeal since Lumber Liquidators' notice of appeal had not been properly docketed. He then notified Lumber Liquidators' counsel about his inability to file his complaint due to its failure to perfect its appeal. The next day, Lumber

---

[3] *Mina v. Lumber Liquidators*, Magisterial District No. MJ-38120-CV-0000267-2013 (filed October 17, 2013).

4

Liquidators sent him a check in the amount of "$4,476.60 in full satisfaction of the judgment."

Instead of accepting the money to satisfy the judgment, Mina filed a new action in the Common Pleas court entitled "Petition to Appeal *Nunc Pro Tunc*."[4] In his petition, Mina sought to file the complaint that he had been unable to file two weeks earlier due to Lumber Liquidators' failure to perfect its notice of appeal. He averred that because under the Pennsylvania Rules of Civil Procedure "an appellee has thirty days from the date of service of the notice of appeal to also appeal the judgment," he was timely filing his "appeal of the judgment entered against Defendant on November 25, 2013."[5]

In the proposed complaint, Mina sought to relitigate the warranty action and recover additional damages in the amount of $222,222.00 for "fraud" in connection with Lumber Liquidators' attempt to file its notice of appeal. Mina alleged that Lumber Liquidators' tender of the full amount of the $4,476.60 judgment was inadequate. He appeared to claim that because the praecipe to enter a rule to file a complaint in the notice of appeal stated that a judgment of non-pros would be entered against him if he did not file it within twenty days, he was forced to prepare a complaint. He contended that because Lumber Liquidators had failed to properly file its notice of appeal, he was forced to file a new action in the Court of Common Pleas so he could file his complaint. He also claimed that Lumber Liquidators committed "paper terrorism" because it had filed a frivolous notice of appeal in order to burden him. He sought damages for unspecified

---

[4] *Mina v. Lumber Liquidators*, Case #2014-01585 (CCP Montgomery Cty.) (Doc. No. 10-9, Civ. A. No. 18-5556). Mina also filed a motion to compel production of documents in the action on that date.

[5] Pet. to Appeal *Nunc Pro Tunc*, Case #2014-01585 (CCP Montgomery Cty.) (Doc. No. 10-9 at ECF 5, Civ. A. No. 18-5556).

"costs associated with the preparation of the complaint" and filing the new action in the Court of Common Pleas.[6]

Lumber Liquidators filed a motion to quash Mina's petition to appeal. After Lumber Liquidators filed a praecipe for oral argument, the motion was listed for argument on May 28, 2014 before Judge Bernard Moore. On April 7, 2014, the Montgomery County court administrator placed Lumber Liquidators' motion to quash on the argument list. On May 22, 2014, Mina wrote the court administrator and Judge Moore that he was not ready for argument because ten days earlier Lumber Liquidators had objected to some of his discovery requests. Without responding to Mina's request to delay the argument, the court held argument as scheduled on May 28. Mina did not attend.[7]

On June 6, 2014, Judge Moore granted Lumber Liquidators' motion to quash and dismissed Mina's petition to appeal *nunc pro tunc* with prejudice on the ground that he lacked standing to appeal from the judgment rendered in his favor. In response, Mina wrote two letters to Judge Moore and moved for reconsideration, requesting that the order be vacated because oral argument had been held prematurely and without his knowledge or consent. He argued that the order dismissing his petition was prematurely issued because the April 7, 2014 order had stated that no argument was to occur until discovery was complete and an argument praecipe filed, and he had notified Lumber Liquidators and the court in advance that he was not ready for argument because discovery was not completed. He claimed that he was a "victim of a civil conspiracy" between Lumber Liquidators' counsel and the court to have his petition to appeal *nunc pro tunc* dismissed

---

[6] Proposed Compl. ¶¶ 34-38, Case #2014-34075 (CCP Montgomery Cty.) (Doc. No. 10-9 at ECF 17-18 in Civ. A. No. 18-5556).

[7] *See* Doc. No. 1 at ECF 84-87 in Civ. A. No. 18-5556.

by intentionally failing to notify him that a hearing on Lumber Liquidators' motion to dismiss would occur even though the requirements for holding oral argument had not been satisfied. He claimed that this was a violation of his due process rights.[8]

Judge Moore denied the motion for reconsideration on June 27, 2014. On July 16, Mina informed Judge Moore in a letter that he intended to sue him and the court for conspiring with Lumber Liquidators to deny him due process by dismissing his petition to appeal *nunc pro tunc*. He also stated his intention to sue Lumber Liquidators for abuse of process for having filed a "frivolous" notice of appeal.[9] On the same day, Lumber Liquidators again sent Mina a check in the amount of $4,476.60 for the full amount of the judgment. Mina cashed it.[10]

On July 22, 2014, Judge Haaz denied Mina's motion to compel documents without prejudice for his failure to attend oral argument a few weeks earlier.[11] Nothing happened for more than three years. On December 21, 2017, the court issued a notice to terminate the action for lack of activity. One month later, Mina filed a statement of his intention to proceed with the case. The case is pending.

In the meantime, around the same time that Lumber Liquidators filed its notice of appeal from the default judgment, Mina filed his first federal action. On December 27, 2013, Mina filed a 145-page complaint against 41 defendants (docketed as Civil A. No.

---

[8] *See* Doc. No. 1 at ECF 87-89 in Civ. A. No. 18-5556; Doc. No. 15-10 at ECF 8 and Doc. No. 15-11 at ECF 1, 4 in Civ. A. No. 14-6261.

[9] *See* Doc. No. 15-10 at ECF 8 and Doc. No. 15-11 at ECF 3-6 in Civ. A. No. 14-6261.

[10] Lumber Liquidators' Mot. to Dismiss at 4 (Doc. No. 10-2 in Civ. A. No. 18-5556).

[11] *See* Doc. No. 15-11 at ECF 6 in Civ. A. No. 14-6261.

13-7622).[12]  Among the defendants were the Chester County District Attorney, judges, private attorneys, domestic relations section employees, court reporters, a hospital, police officers, a newspaper, and former Attorney General Corbett.  The bizarre and incoherent allegations in the complaint related to the handling of Mina's Chester County civil and criminal matters between 1996 and 2013, including encounters with the police as a juvenile, his commitment to a mental institution, child-custody and support disputes, and poor treatment when hospitalized.

The crux of his claims was that the defendants conspired against him to violate his constitutional rights in these civil and criminal matters because he was a witness to things that were "politically and legally damaging" to them, and they wanted to cover up this corruption.  He complained that the defendants refused to schedule hearings, transmit appeals, provide transcripts or file documents in his state civil and criminal cases.  He accused them of planting devices in him and his girlfriends, and engaging in a cover-up to hurt his four-year-old daughter.[13]  His claim against Corbett was that while he was Attorney General, he failed to respond to Mina's complaints of the defendants' commission of these criminal and unconstitutional acts against him.[14]  In June, 2014, Mina amended the complaint to add Judge L. Felipe Restrepo (then a district judge who had issued an adverse ruling against him in the case) and a probation officer as defendants.  On July 21, 2014, Judge Mitchell Goldberg of this court dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim based on

---

[12] *Mina v. Chester Cty. Court of Common Pleas*, Civ. A. No. 13-7622 (E.D. Pa., filed December 27, 2013).

[13] Compl. (Doc. No. 3 in Civ. A. No. 13-7622); Doc. No. 181 at 48-49 (Civ. A. No. 14-6261).

[14] Mina's allegations against Corbett are described in greater detail below in the section discussing Mina's claims against Kevin Steele.

judicial immunity, Eleventh Amendment immunity, absolute immunity, lack of subject matter jurisdiction under *Rooker-Feldman*, and the statute of limitations. *Mina v. Chester Cty. Court of Common Pleas*, Civ. A. No. 13-7622, 2014 WL 3639132, at *2 (E.D. Pa. July 21, 2014).[15]

Less than two months later, Mina filed four more actions in federal court, each consisting of a Rule 60(b) motion for relief from a state-court judgment.[16]  In the first case,[17] Mina requested that the district court vacate his March 18, 2008 state-court conviction for simple assault.  He claimed that the Chester County District Attorney's Office failed to provide information about the victim's prior criminal record to his criminal defense attorney, Dawson Muth, who later failed to provide information about the victim's criminal record to Mina's PCRA and appellate attorneys.  He named as respondents Chester County Common Pleas Court Judge Gavin, who presided over the criminal case, Muth, and Chester County District Attorney Hogan, who was the District Attorney at the time he filed the miscellaneous action.  Judge Edward Smith dismissed the action without prejudice to allow Mina to file a petition for habeas relief under § 2254.[18]

In the second miscellaneous action, filed the same day as the first,[19] Mina requested that the district court vacate a three-year old state-court judgment dismissing

---

[15] Judge Goldberg's dismissal was affirmed.  *Mina v. Chester Cty. Court of Common Pleas*, 667 F. App'x 367, 369 (3d Cir. July 13, 2016).

[16] All four actions were assigned to Judge Edward Smith.  He disposed of all of them on February 10, 2015.

[17] *Mina v. Hogan*, Misc. A. No. 14-221 (E.D. Pa., filed September 11, 2014).

[18] The Third Circuit affirmed Judge Smith's dismissal.  *See Mina v. Hogan*, 616 F. App'x 483 (3d Cir. Sept. 29, 2015).

[19] *Mina v. Muth*, Misc. A. No. 14-222 (E.D. Pa., filed September 11, 2014).

his legal malpractice case against Muth. His malpractice claim appears to have been based on Muth's representation of him in his criminal assault case. He complained of Muth's failing to obtain the victim's criminal record, billing Mina for private investigation services that were not performed and refusing to produce information he received from a private investigator. He named as respondents Chester County Court of Common Pleas Judge Riley, who issued the judgment order, Muth and the court reporter who took notes at the hearing for allegedly refusing to provide him with the hearing transcript. Judge Smith dismissed the action with prejudice as frivolous.[20]

In his third miscellaneous action,[21] Mina requested the district court to vacate a one-year old state-court judgment dismissing his breach of contract action against advertising and web design companies. In his Rule 60(b) motion, he alleged that the advertising and web design respondents improperly refused to respond to his discovery requests, and Common Pleas Court Judge Braxton, who issued the order, abused his discretion in not forcing the respondents to produce the discovery and not allowing him to amend his complaint. Judge Smith dismissed this action with prejudice as frivolous.[22]

Finally, in his fourth miscellaneous action,[23] Mina sought vacation of a December 18, 2013 order dismissing his appeal of his state-court conviction for a summary offense of driving with an overweight steering axle. He named as respondents Chester County District Attorney Hogan and Judge Tunnell. He alleged that Hogan maliciously

---

[20] This dismissal was likewise affirmed. *See Mina v. Muth*, 616 F. App'x 40 (3d Cir. Sept. 29, 2015).

[21] *Mina v. Enet Advertising*, Misc. A. No. 14-254 (E.D. Pa., filed October 9, 2014).

[22] This dismissal was affirmed. *See Mina v. Enet Advertising*, 616 F. App'x 49 (3d Cir. Sept. 29, 2015).

[23] *Mina v. Hogan*, Misc. A. No. 14-259 (E.D. Pa., filed October 24, 2014).

prosecuted the case against him, and Judge Tunnell should have transferred the case out of Chester County. Again, finding Mina was improperly invoking Rule 60(b) to overturn a state-court conviction, Judge Smith dismissed the action with prejudice. The Third Circuit affirmed.[24]

Shortly after filing his fourth miscellaneous action, Mina filed a 132-page complaint against 47 defendants, Civil A. No. 14-6261, which was assigned to Judge Smith.[25] Except for adding Judge Goldberg as a defendant, this case was almost identical to his first federal action.

Two months later, on December 30, 2014, Mina filed a second action against Lumber Liquidators in the Montgomery County Court of Common Pleas.[26] The allegations in this complaint were virtually identical to those in the previous one, except he formally asserted a claim for abuse of process, and added that he "suffered monetary damages for lost time from work" to prepare his complaint, which he claims he was unable to file because of Lumber Liquidators' failure to file its notice of appeal properly. Nonetheless, he reduced his demand from $222,222.00 to $12,600.00.[27] On January 23, 2015, Lumber Liquidators filed its answer to the complaint and asserted a counterclaim for abuse of process, wrongful use of civil proceedings and injunctive relief.[28] Mina filed

---

[24] *Mina v. Hogan*, 616 F. App'x 41 (3d Cir. Sept. 29, 2015).

[25] *Mina v. Chester Cty.*, Civ. A. No. 14-6261 (E.D. Pa., filed October 31, 2014).

[26] *Mina v. Lumber Liquidators*, Case #2014-34075 (CCP Montgomery Cty.).

[27] Compl. ¶¶ 35-38 in Case #2014-34075 (CCP Montgomery Cty.) (Doc. No. 10-11 in Civ. A. No. 18-5556).

[28] Lumber Liquidators' Mot. to Dismiss at 5 (Doc. No. 10-2 in Civ. A. No. 18-5556).

preliminary objections to Lumber Liquidators' counterclaim and a motion to compel discovery.

On March 23, 2015, Mina amended the federal complaint pending before Judge Smith[29] to add as defendants Lumber Liquidators, Montgomery County, Montgomery County Court of Common Pleas, Common Pleas Judge Moore, Judge Moore's secretary and law clerk, and the Delaware County Juvenile Detention Center and its director.[30] These additions brought the total number of defendants to 62. His allegations and claims against Lumber Liquidators were the same as those in his state court abuse of process case — that Lumber Liquidators' improper filing of its notice of appeal and a rule to file complaint forced *him* to have to prepare a complaint and file a new action in the Court of Common Pleas so he could file *his* appeal and complaint, and that Lumber Liquidators' filing of the notice of appeal was improper and frivolous, intended to burden him.[31] Mina also asserted the conspiracy claim that he had made in his motion for reconsideration of Judge Moore's June 6, 2014 order dismissing his petition to appeal. He claimed that Lumber Liquidators conspired with Judge Moore and the Montgomery County Court of Common Pleas to dismiss his petition to appeal *nunc pro tunc* by intentionally failing to notify him of the hearing on Lumber Liquidators' motion to dismiss his petition. He added the specific allegation that Judge Moore's staff called Lumber Liquidators' counsel to schedule oral argument without notifying him of it.[32] He asserted these claims under 42

---

[29] *Mina v. Chester Cty.*, Civ. A. No. 14-6261 (E.D. Pa., filed October 31, 2014).

[30] Mina alleged that the failure of the Delaware County juvenile detention center to locate his records from when he was there twenty years earlier violated his constitutional rights. Am. Compl. ¶¶ 1125-29 at ECF 136 (Doc. No. 15) (Civ. A. No. 14-6261).

[31] Am. Compl. ¶¶ 1107-1124 at ECF 134-36 (Doc. No. 15) (Civ. A. No. 14- 6261).

[32] Am. Compl. ¶¶ 1097-1106 at ECF 133-34 (Doc. No. 15) (Civ. A. No. 14-6261).

U.S.C. §§ 1981, 1983, 1985 and 1986 against Lumber Liquidators, Judge Moore, Montgomery County, and the Montgomery County Court of Common Pleas. He also included a vague *Monell* claim against Montgomery County and all of the counties and municipalities he named, alleging they had insufficient policies and customs that caused a violation of his constitutional rights. He also asserted a state law claim for abuse of process against Lumber Liquidators.[33] He requested an order requiring the Montgomery County Court of Common Pleas to schedule a hearing on his petition to appeal *nunc pro tunc*.[34]

Meanwhile, on June 18, 2015, in the state court abuse of process action, Judge Moore denied Mina's preliminary objections to Lumber Liquidators' counterclaims and denied his motion to compel discovery. In response, Mina wrote a letter to Judge Moore on June 22, 2015, stating:

> I respectfully suggest you Vacate both Orders and Recuse yourself from my case. As you know, you and Lumber Liquidators are codefendants in a case filed by me in the U.S. Eastern District Court, case 14-6261. I still am opposed to being a part of your conspiracy with Lumber Liquidators to dismiss my case from the Montgomery County Court without being heard.[35]

For more than three years, there was no activity in the state court abuse of process action. Then, on January 20, 2018, Mina filed a statement of intention to proceed. Eleven months later, Judge Page scheduled a status conference for January 15, 2019. Judge

---

[33] Am. Compl. at ECF 3,5, ¶ 2 at ECF 6, ¶ 52 at ECF 8, ¶¶ 48-52 at ECF 18-19, ¶ 34 at ECF 23-24, ¶¶ 1192-1197 at ECF 142 and ECF 145 (Doc. No. 15) (Civ. A. No. 14-6261).

[34] Am. Compl. ¶ 20 at ECF 146 (Doc. No. 15) (Civ. A. No. 14- 6261).

[35] Doc. No. 1 at ECF 96 (Civ. A. No. 18-5556).

Page denied Mina's request for a continuance of the status conference. A discovery deadline of May 15, 2019 was set at the conference.

In the meantime, Lumber Liquidators filed a motion to dismiss his amended complaint in Mina's sixth federal action.[36] One day later, in his opposition to Judge Moore's motion to dismiss, Mina reasserted that "Moore conspired with Lumber Liquidators and the court to hold a hearing without Plaintiff's knowledge that dismissed his case against Lumber Liquidators prior to Plaintiff filing his argument praecipe as per the courts [sic] order." He newly asserted that after filing his federal claim against Judge Moore and Lumber Liquidators, "Judge Moore continues to deny Plaintiff's Motions against Lumber Liquidators with knowledge that he is Lumber Liquidator's codefendant in Federal Court."[37]

After a lengthy hearing on the motions to dismiss, Judge Smith set aside the defaults that had been entered against 32 defendants because they had not been properly served, stayed discovery and the filing of pleadings, and prohibited Mina from communicating with counsel or the court via phone or email.[38] On August 19, 2015, Mina filed a motion to withdraw his complaint against Montgomery County and the Montgomery County Court of Common Pleas. He explained he was withdrawing his claims because the Montgomery County District Attorney had just filed criminal charges against Kane,[39]

---

[36] Doc. No. 53 (Civ. A. No. 14-6261). Between April and July of 2015, many of the other defendants also filed motions to dismiss. *See* Doc. Nos. 22, 23, 27, 32, 44, 51, 55, 74 (Civ. A. No. 14-6261).

[37] Doc. No. 59 at ECF 14 (Civ. A. No. 14-6261).

[38] Doc. No. 78 (Civ. A. No. 14-6261).

[39] The charges were for Kane lying about her leak of confidential grand jury information and had nothing to do with Mina.

and his "Monell claim against Montgomery County has been revised and filed as Private Criminal Complaints against Judge Moore under PA State Law."[40]  Two days later, Judge Smith held another hours-long hearing to allow Mina to show cause why the motions to dismiss and for recusal should not be granted.  Despite Mina consuming almost the entire oral argument time at both hearings,[41] Judge Smith still gave him until September 10, 2015 to file additional reasons why the action should not be dismissed for lack of subject matter jurisdiction.[42]

Before Judge Smith ruled on the pending motions, Mina filed a seventh action in federal court (docketed as Civil A. No. 15-5452), which was assigned to Judge J. William Ditter.  The 168-page complaint named the same 62 defendants as in the previously filed action and asserted the same claims.  In this new action, Mina named Judge Smith and the "U.S. Eastern District Court" as defendants, alleging that Judge Smith's setting aside all defaults and restricting his communications to ECF in the prior action (Civil A. No. 14-6261) deprived him of due process.

On October 29, 2015, Judge Smith dismissed Mina's sixth action, Civil A. No. 14-6261.  He found Mina's claims legally insufficient because they were "so insubstantial, implausible, foreclosed by prior [Supreme Court] decisions or otherwise completely devoid of merit as not to involve a federal controversy," and were "grounded in bizarre conspiracy theories, government manipulations of the mind, or supernatural intervention." Judge Smith denied the outstanding motions, including Lumber Liquidators' motion to

---

[40] Doc. No. 102 (Civ. A. No. 14-6261).

[41] Doc. No. 118, 181 (Civ. A. No.14-6261).

[42] Doc. No. 111 (Civ. A. No. 14-6261).

dismiss, as moot. *Mina v. Chester Cty.*, No. 14-6261, 2015 WL 6550543, at *8 (E.D. Pa. Oct. 29, 2015) (quoting *Kalick v. United States*, 604 F. App'x 108, 111 (3d Cir. March 11, 2015)).

The Third Circuit affirmed Judge Smith's dismissal for lack of subject matter jurisdiction, calling Mina's claims "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," and "no longer open to discussion." *Mina v. Chester Cty.*, 679 F. App'x 192, 195 (3d Cir. Feb. 8, 2017) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

On November 3, 2015, Judge Ditter dismissed Mina's seventh complaint, Civil A. No. 15-5452, for lack of subject matter jurisdiction "consistent with the disposition of the substantially identical complaint filed at Civil A. No. 14-CV-6261 and dismissed by the Honorable Edward G. Smith" five days earlier. Undeterred, Mina filed an amended complaint, adding Judge Ditter as a defendant for violating his rights. The case was reassigned to Judge Pappert, who dismissed the amended complaint on the same grounds that Judge Ditter had dismissed the original complaint.

One week earlier, on March 2, 2016, Mina filed his eighth federal complaint. He named fewer and different defendants from his earlier actions, but the claims emanated from his previously filed federal actions. The complaint, docketed at Civil A. No. 16-1013, named the "U.S. Eastern District Court of PA," as well as then "President Judge" Tucker, the Clerk of Court and several Clerk's employees as defendants. Mina alleged that the defendants conspired to deny him access to judicial proceedings by failing to provide him with transcripts and summonses, and refusing to enter default judgments in his earlier-filed federal actions. The government requested dismissal based on judicial immunity

and the issuance of an injunction enjoining Mina from filing any pleadings against any Eastern District judge or Clerk's employee in any pending action or from commencing any new actions against them without leave of court. Judge Pappert dismissed the complaint with prejudice and issued the first pre-filing injunction against Mina. The order enjoined Mina from filing any pleading, motion or other paper in a pending action or any new proceeding against the United States, its agencies or its employees without leave of court. *Mina v. Chester Cty*, Civ. A. No. 15–5452, 2016 WL 4039651 (E.D. Pa. July 28, 2016).[43]

On June 12, 2018, disregarding the injunction, Mina filed his ninth action, Civil A. No. 18-2455. Although the complaint was shorter and named fewer defendants than his earlier ones, he again named as defendants Chester County, its District Attorney, judges, court employees and lawyers, and added West Chester Borough, its manager, and East Whiteland Township, and a township police officer. Notably, he alleged the same conduct and constitutional violations related to the handling of his Chester County civil and criminal matters as he had in his previous federal actions.

Ruling on the defendants' motions to dismiss, Judge Pappert dismissed all of his claims as frivolous and time-barred. Additionally, he concluded that his claims, except for the claims asserted against the West Chester Borough and East Whiteland Township defendants, were barred by the doctrine of *res judicata*. Judge Pappert also granted motions for a pre-filing injunction.[44] He enjoined Mina from filing, without leave of court,

---

[43] After Mina moved for reconsideration claiming he did not receive the government's request for the pre-filing injunction, Judge Pappert vacated the injunction and gave Mina leave to respond to it. After he responded, Judge Pappert reissued the same pre-filing injunction on September 8, 2016. The Third Circuit affirmed the injunction. *Mina v. United States Dist. Court for E. Dist. of Pennsylvania*, 710 F. App'x 515, 518 (3d Cir. Oct. 16, 2017).

[44] The defendants who moved for an injunction were Chester County (and its employees), Chester County District Attorney Hogan, Chester County Court of Common Pleas court reporter Handy and private attorney Rivera and his law firm MacElree Harvey.

any pleading, motion or other paper in the previous five federal actions or any new proceeding against the specific Chester County defendants who had filed motions to enjoin him. *Mina v. Chester Cty*, Civ. A. No. 18–2455, 2018 WL 5780256 (E.D. Pa. Nov. 2, 2018).[45]

On December 26, 2018, less than two months after the second pre-filing injunction was issued, Mina filed this action. He asserts federal claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and a state claim for abuse of process. His allegations and claims against Lumber Liquidators and Montgomery County[46] are virtually identical to those he asserted against them in his sixth and seventh federal actions (Civil Action Nos. 14-6261 and 15-5452), which were the same claims he asserted in December of 2014 in his state court abuse of process case.[47] The only arguably new allegation is that Montgomery County refuses to schedule hearings in his state court abuse of process case even though he filed a statement of intention to proceed in that action on January 20, 2018.[48] As in his previous federal actions, he requests that the federal court order Montgomery County to schedule hearings in his abuse of process case.[49]

Two months later, Mina amended his complaint to add Judge Moore's secretary and two employees of the Montgomery County Court of Common Pleas Prothonotary's

---

[45] Mina filed a notice of appeal from this pre-filing injunction order on January 3, 2019. *See* USCA Case No. 19-1001.

[46] Mina's claims against defendant Kevin Steele are described in detail below.

[47] Compl. at ECF 4, 5, ¶¶ 48-79 at ECF 12-17, ¶ 80 at ECF 17, ECF 18 (Doc. No. 1) (Civ. A. No. 18- 5556). Even though Mina did not name Judge Moore or the Montgomery County Court of Common Pleas as defendants in his most recent action, he retained the allegations he had asserted against them in his previous actions. *See* Compl. ¶¶ 48-57 at ECF 12-14.

[48] Compl. ¶ 1 at ECF 5, ¶ 3 at ECF 6, ¶ 79 at ECF 17 (Doc. No. 1) (Civ. A. No. 18-5556).

[49] Compl. ¶ 1 at ECF 18 (Doc. No. 1) (Civ. A. No. 18-5556).

office as defendants. He made no new allegations against Judge Moore's secretary. Mina simply identifies her as the member of Judge Moore's staff who, back in May of 2014, called Lumber Liquidators' counsel to schedule oral argument on its motion to dismiss his petition to appeal *nunc pro tunc* without notifying him about it.[50] His claim against the Prothonotary's employees appears to be that they somehow prevented service of his complaint on Montgomery County. He alleges that when the Prothonotary returned his federal complaint and request for waiver of service as a defective state-court filing, the employees were "pretending" not to recognize them as federal court documents to be served on Montgomery County.[51] He alleges that after "years of refusing to hear" his case, the Prothonotary's employees conspired with Montgomery County to schedule a status conference in it.[52] Contrary to his original request that we order Montgomery County to schedule hearings in his abuse of process case, in his amended complaint he asks us to order Montgomery County to stay the proceedings in his state court abuse of process case until this action is concluded.[53]

### *History of Claims Relating to Montgomery County DA Kevin Steele*

Mina's claim against Steele is that the Montgomery County District Attorney's office is violating his constitutional rights by failing to process and prosecute his private criminal

---

[50] Am. Compl. ¶ 4 at ECF 5, ¶ 66 at ECF 14, ¶¶ 103-04 at ECF 20 (Doc. No. 14) (Civ. A. No. 18-5556). The amended complaint contains all of the allegations asserted in the original complaint, but the paragraph numbers and pagination are different.

[51] Am. Compl. ¶¶ 5-6 at ECF 5, ¶¶ 7-10 at ECF 6-7 (Doc. No. 14) (Civ. A. No. 18-5556).

[52] Am. Compl. ¶¶ 5-6 at ECF 5, ¶ 11 at ECF 7 (Doc. No. 14) (Civ. A. No. 18-5556).

[53] *Compare* Compl. ¶ 1 at ECF 5, ¶ 3 at ECF 6, ¶ 79 at ECF 17, ¶ 1 at ECF 18 (Doc. No. 1), and Am. Compl. ¶ 1 at ECF 4, ¶ 94 at ECF 19, ¶ 2 at ECF 21 (Doc. No. 14) *with* Am. Compl. ¶ 1 at ECF 21 (Doc. No. 14) (Civ. A. No. 18-5556).

complaints against Kane and Hogan.  His private criminal complaints are directly related to the claims he has repeatedly asserted in his federal actions for the past five years.  To understand the connection, it is necessary to examine the history of Mina's allegations against former Attorney General Corbett.

Mina initially asserted claims against Corbett in his first federal action filed on December 27, 2013 (Civil A. No. 13-7622).  To recap, that lawsuit related to the handling of a panoply of his Chester County civil and criminal matters between 1996 and 2013. He claims the defendants conspired against him to violate his constitutional rights in the context of these civil and criminal matters by refusing to schedule hearings, transmit appeals, provide transcripts or file documents, all in a concerted effort to prevent him from revealing widespread corruption.  In that action, Mina claimed Corbett failed to act on his complaints of criminal acts committed against him by Chester County Domestic Relations Section employees, the police, private attorneys and other Chester County defendants.[54] Some of the incidents involving these defendants that he purportedly reported to Corbett included: his false arrest in 2010 for contempt of a child support order; disputes with his criminal defense attorneys in 2009 and 2010 for not providing him with documents; a fee dispute in 2010 with an attorney he had hired in a landlord-tenant matter; a cover-up of an unnamed individual's "reckless use of a gun"; and a cover-up involving the same unnamed individual who beat him so severely that he required hospitalization, but nonetheless was released from police custody and "remained free for years after the incident."[55]  He also alleged that in December of 2013, when Corbett was governor, he

---

[54] Doc. No. 181 at 48-49 (Civ. A. No. 14-6261).

[55] Am. Compl. ¶¶ 992-97, 1000 at ECF 15-6 (Doc. No. 12-3) & Ex. 143 at ECF 8-11 (Doc. No. 12-10) (Civ. A. No. 13-7622).

again requested Corbett to provide him with "some type of explanation" regarding his prior reports of criminal conduct so that he "need not be a defendant in [Mina's] lawsuit," and Corbett did not respond.[56]

Mina restated these allegations against Corbett in his second voluminous federal complaint filed on October 31, 2014 (Civil A. No. 14-6261). He did not assert any new allegations against Corbett until after Judge Smith struck his request for entry of default judgment against Corbett and ordered him to show cause why the action should not be dismissed for lack of subject matter jurisdiction.[57] Corbett's opposition brief was signed by "Barry Kramer, Chief Deputy Attorney General," for "Kathleen G. Kane, Attorney General."[58] Corbett was represented by Attorney General Kane because he was sued in his capacity as attorney general.

Mina interpreted this as evidence that Kane and Corbett were conspiring against him. Consequently, in response to Corbett's opposition brief, Mina filed a motion for sanctions against him. He first noted that then-Montgomery County District Attorney Risa Vetri Ferman had filed criminal charges of perjury against Kane two weeks earlier. He alleged that Corbett's counsel lied in his opposition brief by stating that Corbett had "not been served with original process and is not aware of this matter." He argued that Corbett must have been aware of his complaints against the Chester County defendants because

---

[56] Compl. ¶¶ 987-991 at ECF 137 (Doc. No. 3) (Civ. A. No. 13-7622).

[57] Doc. No. 78 at ECF 3, 4 (Civ. A. No. 14-6261).

[58] Doc. No. 91 at 16 (Civ. A. No. 14-6261).

Mina had sent a letter to Corbett several years earlier notifying him of his complaints of criminal acts done to him by those defendants.[59]  Mina then accused Kane's office of

> blatantly lying to protect the same Tom Corbett she (Kathleen Kane) vowed to investigate. It is Plaintiff's position that Kathleen Kane's resources should not be wasted lying on behalf of Tom Corbett and should be utilized in a manner permitted by PA law such as *arresting the Defendants in Plaintiff's Complaint.*[60]

In summary, in his motion for sanctions, Mina claimed that Kane (1) lied on Corbett's behalf by stating in the opposition brief that Corbett was "not aware of this matter;" (2) covered up the fact Corbett had been notified by Mina years earlier about the criminal acts performed by the Chester County defendants; and (3) defended Corbett's failure to investigate, arrest and prosecute those defendants while he was Attorney General.

One week later, on August 25, 2015, Judge Smith denied Mina's motion for sanctions against Corbett.  Two weeks later, Mina submitted letter complaints to the Pennsylvania Supreme Court Disciplinary Board about Kane and Corbett's counsel, raising the same allegations that he had made in his motion for sanctions against Corbett.[61]  The Disciplinary Board dismissed his complaints because they were identical to the claims he made in his motion for sanctions in Judge Smith's case.[62]

---

[59] Even if Corbett had received Mina's letter, that would not show that he was "aware of" the allegations in the federal action.  First, Mina purportedly sent the letter several years earlier.  Additionally, the letter he attached to the complaint was undated and was exhibit 143 of 146 exhibits.  Because Mina's filings are so disorganized, opaque and lengthy, it is possible, if not likely, that Corbett's counsel never saw it.

[60] Doc. No. 104 at ECF 1, 4 (Civ. A. No. 14-6261) (emphasis added).

[61] Doc. No. 1 at ECF 81 (Civ. A. No. 18-5556).

[62] Doc. No. 1 at ECF 82-83 (Civ. A. No. 18-5556).

In May of 2016, Mina sent a lengthy email to Attorney General Kane "to report corruption, some of which involves Tom Corbett, the former Attorney General you vowed to investigate."[63]  He asked Kane "to take immediate action" against Chester County District Attorney Tom Hogan for refusing to hold hearings on the prosecution of eight private criminal complaints against the federal court defendants that Mina had submitted to Hogan in 2015.  The allegations in his criminal complaints included the failure of Chester County judges, court reporters and other court employees to schedule hearings, transmit appeals, provide transcripts and file documents in his state court civil cases dating from 2005 to 2013; the failure of the Delaware County juvenile detention center to locate records from when he was there twenty years earlier; and the refusal of his former private criminal attorney to produce information he received from a private investigator hired for his criminal case.[64]  Mina asserted the same claims against the same defendants years earlier in his federal actions, and, according to Mina, reported many of these same claims to Corbett several years before filing his federal actions.

A month later, in June 2016, Mina sent another email to Kane and copied the Montgomery County District Attorney's office, this time requesting that she investigate the court reporting company that transcribed the proceedings held before Judge Smith in July and August of 2015.  He contended that the transcript contained so many typographical errors, including spelling her name as "Kathleen Cain," that it is "very hard not to assume

---

[63] Doc. No. 1 at ECF 32-34 (Civ. A. No. 18-5556).

[64] Doc. No. 1 at ECF 32-34 (Civ. A. No. 18-5556).

that it was intentionally done to prevent the allegations of corruption from being discovered by searching Kathleen Kane's name in court records."[65]

Later that month, Mina submitted a private criminal complaint against Kane, Corbett, Corbett's counsel and Judge Smith to the District Attorneys of Montgomery County, Northampton County and Chester County, and to the Pennsylvania Disciplinary Board. Mina alleged that Kane and Corbett were criminally liable for failing to take any action to stop the criminal conspiracy against him by refusing to investigate and prosecute all of the claims that he had asserted against several defendants named in his federal actions and private criminal complaints years earlier.[66]

In July 2018, Mina submitted a private criminal complaint against Chester County District Attorney Hogan to then-Pennsylvania Attorney General Josh Shapiro.[67] Mina alleged that Hogan should be held criminally liable for refusing to investigate and prosecute eight private criminal complaints against several defendants named in his earlier federal actions that Mina had submitted to Hogan's office in 2015. Two years earlier, Mina requested then-Attorney General Kane to "take immediate action" against Hogan and prosecute him for the very same conduct, namely refusing to investigate and prosecute the same eight private criminal complaints.[68]

---

[65] Doc. No. 1 at ECF 31-32 (Civ. A. No. 18-5556).

[66] Doc. No. 1 at ECF 28-40 (Civ. A. No. 18-5556). Mina accused Corbett's counsel of being criminally liable for refusing to correct the fraudulent statements he made in his opposition brief, and Judge Smith was liable for refusing to order Corbett's counsel to remove those false statements. *Id.*

[67] Doc. No. 1 at ECF 42-44 (Civ. A. No. 18-5556). The Attorney General's office referred his complaint to the Disciplinary Board, which dismissed it. *Id.* at ECF 61-63.

[68] As a reminder, the eight private criminal complaints contained the same claims against the same defendants as asserted in his federal actions years earlier.

In this action, Mina asserts claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986,[69] alleging that Steele has been violating his constitutional rights by failing to process and prosecute his private criminal complaints against Kane and Hogan.  He first asserts that the Montgomery County District Attorney's office is responsible for prosecuting Kane in all matters because it prosecuted her in one matter in 2015 to 2016.[70] He alleges that while Steele was in the process of prosecuting Kane for her perjury charges in 2015, Kane's office was participating in the criminal conspiracies asserted in his federal action before Judge Smith when it made false statements in the opposition brief filed on behalf of Corbett and when Kane allowed uncorrected, falsified court transcripts to be filed with her name spelled incorrectly.[71]  Mina also alleges that the Montgomery County District Attorney's office has "inadequate resources to process and prosecute criminal complaints made against" Kane because in June of 2016 he was "unable to mail" his private criminal complaint against Kane to Steele's office, as "postal records do not indicate the Montgomery County District Attorney received Plaintiff's Complaint."[72]  He further asserts that the District Attorney's

> policies and customs relating to receiving reports of government corruption are inadequate and *result in additional Constitutional violations being imposed on Plaintiff by Chester County Defendants* . . . . [and] enables criminals, including Kathleen Kane to avoid prosecution of crimes being committed by Kathleen Kane's office while Attorney General Kane was being prosecuted in Montgomery County.[73]

---

[69] Compl. at ECF 5, 18 (Doc. No. 1) (Civ. A. No. 18- 5556).

[70] Compl. ¶ 2 at ECF 5, ¶¶ 20-21 at ECF 9 (Doc. No. 1) (Civ. A. No. 18-5556).

[71] Compl. ¶ 2 at ECF 5, ¶¶ 22-26 at ECF 9 (Doc. No. 1) (Civ. A. No. 18-5556).

[72] Compl. ¶ 2 at ECF 5, ¶ 29 at ECF 9 (Doc. No. 1) (Civ. A. No. 18-5556).

[73] Compl. ¶¶ 30-31 at ECF 9-10 (Doc. No. 1) (Civ. A. No. 18-5556) (emphasis added).

With respect to his allegations regarding Hogan, Mina first explains how Attorney General Shapiro and the Pennsylvania Disciplinary Board dismissed his private criminal complaint against Hogan.[74] Then, in an effort to explain why Steele should prosecute his complaint against Hogan, Mina connects Hogan's conduct to Kane's. He alleges that Hogan's "criminal conduct began under Kathleen Kane" because the falsified court transcripts that Kane allowed to be filed are from a federal court case in which Hogan is a defendant, and that his criminal conduct "was hidden under Kathleen Kane in falsified court transcripts."[75]

For relief, Mina seeks to require "Steele to adequately staff his office for prosecution of Kathleen Kane's criminal conduct" as detailed in his private criminal complaint against Kane, and to order Steele to file Mina's private criminal complaint against Hogan.[76]

Mina makes the same allegations against Steele as he did against Corbett, Kane and Hogan. He claims Steele failed to investigate and prosecute the claims of criminal conspiracy that he has been asserting against the defendants named in his federal actions since 2013. After initially suing Corbett for his failure to investigate and prosecute Mina's complaints about the refusal of these defendants to schedule hearings, transmit appeals, provide transcripts or file documents in his numerous state civil and criminal matters, he demanded that Kane and Hogan investigate the same complaints, and arrest and prosecute the same defendants. When Hogan did not comply with his request, Mina

---

[74] Compl. ¶¶ 34-44 at ECF 10-11 (Doc. No. 1) (Civ. A. No. 18-5556).

[75] Compl. ¶ 41 at ECF 11, ¶ 4 at ECF 18-19 (Doc. No. 1) (Civ. A. No. 18-5556).

[76] Compl. ¶¶ 3-4 at ECF 18-19 (Doc. No. 1) (Civ. A. No. 18-5556).

demanded that Kane prosecute Hogan for *his* failure to act. When Kane did not comply, he requested Steele to prosecute Kane for *her* failure to proceed against the same defendants. When Steele did not comply, Mina named *him* in this lawsuit.

All of the defendants have filed motions to dismiss the amended complaint. Lumber Liquidators argues that there is no subject matter jurisdiction because Mina's claims are so implausible and meritless that they do not involve a federal controversy, and they are barred by the *Rooker-Feldman* doctrine because he is asking this court to review and vacate the state court's judgment dismissing his petition to appeal *nunc pro tunc*. It also argues that his claims are barred by the statute of limitations, and that he has failed to state a claim for which relief can be granted. Montgomery County argues that the claim based on its failure to schedule court proceedings fails because the County lacks authority to stay or schedule hearings in cases pending in the Court of Common Pleas. It also argues that the claim against the Prothonotary employees fails because Mina suffered no injury and no constitutional right was violated when they returned the complaint and request for waiver of service to him. Steele has moved to dismiss on grounds of prosecutorial immunity and lack of standing. Additionally, Lumber Liquidators has filed a motion to enjoin Mina from filing any future actions, motions or pleadings against it without leave of court.

## Discussion

Because all of the claims that Mina asserts in this action were previously dismissed for failure to state a legally sufficient federal cause of action, we shall dismiss them for the same reason. Additionally, the *Rooker-Feldman* doctrine deprives the federal court of subject matter jurisdiction over his claims against Lumber Liquidators, the judicial

secretary and Montgomery County. In any event, his claims against Lumber Liquidators, the judicial secretary and Montgomery County are time-barred. Steele is protected by prosecutorial immunity. Finally, he fails to state a claim against the Prothonotary's employees because they caused him no injury and did not violate any constitutional right.

*Lack of Subject Matter Jurisdiction*

Mina's claims against Lumber Liquidators, the judicial secretary, Montgomery County and Steele are virtually identical to the claims he previously asserted in the federal actions filed in 2013, 2014 and 2015. The same claims were dismissed in each action for failure to state a legally sufficient federal cause of action because they were "so insubstantial, implausible . . . or completely devoid of merit as not to involve a federal controversy." *Mina v. Chester Cty.*, No. 14-6261, 2015 WL 6550543, at *8 (E.D. Pa. Oct. 29, 2015); Order of Nov. 3, 2015 (J. Ditter) (Doc. No. 9) and Order of March 10, 2016 (J. Pappert) (Doc. No. 24) in Civil A. No. 15-5452. The Third Circuit affirmed the dismissals for the same reasons. *Mina v. Chester Cty.*, 679 F. App'x 192 (3d Cir. Feb. 8, 2017). The appellate court found Mina's claims to be "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." *Id.* at 195. Because the claims asserted in this action are the same legally insufficient claims that failed to trigger federal jurisdiction more than three years ago, they will be dismissed once again for lack of subject matter jurisdiction.

*The* Rooker-Feldman *Doctrine Bars Mina's Claims Against*
*Lumber Liquidators, the Judicial Secretary and Montgomery County*

Mina's claims against Lumber Liquidators, the judicial secretary and Montgomery County are also barred by the *Rooker-Feldman* doctrine. He is asking the federal court to review and vacate a state-court judgment.

The *Rooker–Feldman* doctrine bars a federal court from entertaining "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In short, a federal court lacks subject matter jurisdiction over an action in the nature of an appeal seeking to reverse a state-court decision. *In re Philadelphia Entm't & Dev. Partners*, 879 F.3d 492, 498 (3d Cir. 2018) (citation omitted). The four elements are that (1) the plaintiff in the federal action lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the judgment was entered before the federal suit was filed; and (4) the plaintiff seeks federal review and rejection of the state-court judgment. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284).

The four elements of the *Rooker-Feldman* doctrine are satisfied with respect to Mina's claims against Lumber Liquidators and Montgomery County. The first and third requirements are met. Mina lost in state court when the court denied his motion for reconsideration of the June 6, 2014 order dismissing his petition to appeal *nunc pro tunc* with prejudice. The judgment was entered more than four years before he filed this federal lawsuit. The second and fourth elements are also satisfied because Mina is complaining of injuries resulting from the entry of the state-court orders, and is essentially

requesting this court to review and reject them. In the petition dismissed by the state court, Mina claimed damages against Lumber Liquidators for filing an improper and frivolous notice of appeal. He seeks the same damages for the same alleged misconduct in this action. In order to grant him relief, we would have to overturn the state court's judgment. Therefore, because Mina is essentially seeking to appeal the state court's judgment dismissing his petition to appeal *nunc pro tunc*, the *Rooker–Feldman* doctrine deprives this court of jurisdiction over his claims against Lumber Liquidators and Montgomery County.

*Mina's Claims Against Lumber Liquidators,*
*the Judicial Secretary and Montgomery County are Time-Barred*

Even if there were subject matter jurisdiction over this action, Mina's claims against Lumber Liquidators, the judicial secretary and Montgomery County are time-barred. The last event that could serve as the basis for his claims against them occurred in July of 2014, when he notified Judge Moore and Lumber Liquidators that he intended to sue them for violation of his due process rights and abuse of process because Judge Moore refused to vacate the order dismissing his petition to appeal *nunc pro tunc*. In this lawsuit, Mina asserts claims against these defendants pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and asserts a state law claim for abuse of process against Lumber Liquidators.

For federal causes of action, the federal statute provides the statute of limitations. *See, e.g.*, *Kingvision Pay-Per-View, Corp. v. 898 Belmont, Inc.*, 366 F.3d 217, 220 (3d Cir. 2004) (citing *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995)). When the federal statute is silent on the limitation period, 28 U.S.C. § 1658 provides a four-year

limitations period for federal statutes passed after December 1, 1990. *Id.* Otherwise, the analogous state statute supplies it. *Id.*

The statute of limitations for a state law cause of action is governed by the applicable state limitations period. *Mest v. Cabot Corp.*, 449 F.3d 502, 510 (3d Cir. 2006). A state law abuse of process claim is subject to a two-year limitation period. *See* 42 P.S. § 5524(1). The statute of limitations for a § 1986 claim is one year; and for a § 1981 claim, four years. *See* 42 U.S.C. § 1986; 28 U.S.C. § 1658; *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–84 (2004).

The statute of limitations in a § 1983 and § 1985 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the statute of limitations for § 1983 and §1985 claims arising in Pennsylvania is two years.

Mina's claims accrued in July of 2014. He filed this action on December 26, 2018, more than four years after the events that serve as the basis for his claims. Thus, his claims are time-barred.

*Mina's Claims Against Montgomery County and the Prothonotary Employees are Moot*

The one new allegation Mina makes against Montgomery County is its refusal to schedule hearings and court proceedings in his abuse of process action. He requests that we order the County to schedule those hearings.

This new claim is moot. The day after Mina filed this action, Montgomery County Common Pleas Court Judge Page scheduled a status conference in the abuse of process case for January 15, 2019. After the conference, Judge Page set a discovery deadline of May 15, 2019. Because his state court case is ongoing, Mina cannot complain that the court is refusing to schedule hearings.[77]

The County has no authority to schedule hearings in Mina's abuse of process action pending in the Court of Common Pleas. That authority resides in the courts.

His new claim against the Prothonotary employees for not signing his request for waiver of service on behalf of Montgomery County when he sent his complaint to the Prothonotary is also moot. A waiver of service of the summons and complaint was executed and filed on behalf of the County on February 7, 2019.

*Dismissal of Claims Against District Attorney Steele Based on Immunity*

Mina claims that Steele is violating his constitutional rights by failing to process and prosecute his private criminal complaints against Kane and Hogan. A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "Prosecutors enjoy absolute immunity for the failure to adequately investigate a case and for the decision to initiate, or decline to initiate, a prosecution." *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir.

---

[77] Mina acknowledges in the amended complaint that a status conference has been scheduled in his abuse of process case. But instead of withdrawing the claim as moot, he characterizes the state court's action as another conspiracy, alleging that after "years of refusing to hear" his case, the Prothonotary's employees conspired with Montgomery County to schedule a status conference in the case. Am. Compl. ¶¶ 5-6 at ECF 5, ¶ 11 at ECF 7. While retaining his request that we order Montgomery County to schedule hearings in his abuse of process case, he now also asks us to order the County to *stay* the proceedings in that case until this action is concluded. Am. Compl. ¶¶ 1-2 at ECF 21. Except for three narrow situations not applicable here, the federal Anti-Injunction Act prohibits federal courts from enjoining state-court proceedings. *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 325 (3d Cir. 2014) (citing 28 U.S.C. § 2283). Therefore, Mina cannot obtain the injunctive relief he seeks.

2011).  Additionally, the Pennsylvania Rules of Criminal Procedure "do[ ] not confer an entitlement to investigation" and a federal district court "does not have the authority to order a state criminal prosecution."  *Sanders v. County of Bradford*, No. 11-1723, 2013 WL 2435354, *5 (M.D. Pa. June 4, 2013).  Thus, because Mina does not have a "legally cognizable interest in compelling . . . prosecutors to investigate or prosecute alleged violations of his rights," *Aruanno v. Fishman*, 443 F. App'x 679, 680–81 (3d Cir. 2011), Steele's alleged refusal to pursue criminal charges does not give rise to a viable civil rights claim.

### Pre-Filing Injunction

Pursuant to the All Writs Act, 28 U.S.C. § 1651, a district court may enjoin litigants from engaging in "abusive, groundless and vexatious" conduct in filing meritless and repetitive actions.  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).  Before issuing an injunction, the district court must ensure litigants' rights to due process and access to the courts.  *Danihel v. Office of President*, 640 F. App'x 185, 190 (3d Cir. Jan. 5, 2016) (citing *Brow*, 994 F.2d at 1038).  Only if the litigant has been continually abusing the judicial process may the court consider issuing an injunction.  *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. Aug. 19, 2013) (citing *Brow*, 994 F.2d at 1038).  The litigant must be given notice of the potential injunction and an opportunity to oppose it.  *Id.*  If an injunction is appropriate, it must be narrowly tailored to fit the specific circumstances of the case.  *Id.*

As the history of Mina's litigiousness demonstrates, he has persisted in filing abusive and baseless actions in futile attempts to relitigate adjudicated claims.  Indeed, in affirming the pre-filing injunction entered against Mina in 2016, the Third Circuit

determined that his filings were vexatious and abusive.  *Mina v. United States Dist. Court for E. Dist. of Pennsylvania*, 710 F. App'x 515, 518 (3d Cir. Oct. 16, 2017).  The Third Circuit described Mina's federal lawsuits as "repetitive" and "meritless."  It concluded that they were almost "identical attempts" to relitigate his state court cases, including "dozens of filings" containing "groundless allegations" and seeking relief from state court decisions not available in federal court.

*The Filing of this Complaint Constitutes Abusive, Groundless and Vexatious Conduct*

Mina's filing this complaint, a continuation of the conduct criticized by the Third Circuit, is abusive and vexatious.  It disregards two prior injunctions.  This is his tenth lawsuit related to the same or substantially similar subject matter he has been asserting since 2013.  His recent complaint is an attempt to relitigate claims that have been rejected numerous times.  His allegations and claims against Lumber Liquidators in this action are identical to those asserted against Lumber Liquidators in two of his previously filed federal actions based on his December of 2014 state court abuse of process case.  His claims against Steele are the same claims that he previously brought against Corbett in three of his federal actions.

In those previous federal actions, Mina was afforded more than ample opportunity to present his claims and the grounds for his requests for relief.  Judge Smith held over five hours of hearings on the merits of the claims.  He then issued a thorough and thoughtful opinion dismissing the complaint for lack of subject matter jurisdiction because his claim was so "implausible. . . . and so completely devoid of merit as not to involve a federal controversy."  The Third Circuit affirmed, describing Mina's claims as "so attenuated and unsubstantial as to be absolutely devoid of merit" and "obviously

frivolous."  Other judges have issued opinions explaining the basis for the dismissal of Mina's claims.  These bases include judicial immunity, Eleventh Amendment immunity, absolute immunity, lack of subject matter jurisdiction under *Rooker-Feldman*, and the statute of limitations.  Nonetheless, Mina responded to those decisions by filing countless motions for reconsideration, relief from judgment, recusal of the judges who issued those decisions, sanctions, and leave to amend the complaint.  After each dismissal, he filed a new action naming all of the same defendants and adding the judge who ruled against him in the immediately preceding action.

Mina's vexatious and abusive conduct led Judge Pappert to issue two pre-filing injunctions.  The first, issued in 2016, enjoined Mina from filing any pleading, motion or other paper in the previous four non-miscellaneous federal cases or in any new proceeding against the United States, its agencies or its employees without first obtaining leave of court.  The second, in November of 2018, enjoined him from filing any pleading, motion or other paper in the previous five non-miscellaneous federal actions or in any new proceeding against the specific Chester County defendants who had filed motions to enjoin him, which were Chester County (and its employees), Chester County District Attorney Hogan, Chester County Court of Common Pleas court reporter Handy, private attorney Rivera and his law firm MacElree Harvey.

Despite the dismissal of his prior federal cases over five years and in defiance of the two pre-filing injunctions, Mina continues his pursuit of bizarre conspiracy theories by filing actions asserting the same claims that have been rejected numerous times. Because the claims in his amended complaint are repetitive of earlier actions and meritless, and he has defied judicial rulings, he is likely to respond to an order dismissing

the action by filing numerous motions for reconsideration, recusal, and relief from judgment.[78]  Given this protracted litigation history and the findings of Judges Smith and Pappert, it is clear that the filing of this action constitutes abusive, groundless and vexatious conduct.

The Third Circuit has approved pre-filing injunctions that target different forms of vexatious and abusive conduct.  For example, pre-filing injunctions addressing repetitive filings that are simply attempts to relitigate cases lost in federal or state court have been upheld.  *See Day v. Toner*, 549 F. App'x 66, 67 (3d Cir. Jan. 10, 2014) (where four lawsuits filed by *pro se* plaintiff in federal court in Delaware regarding his Florida state-court conviction were dismissed on grounds of maliciousness because they were essentially identical to lawsuits he had previously filed in the Middle District of Florida that had been dismissed as frivolous, the Third Circuit described plaintiff's conduct as "continually abus[ing] the judicial process" and affirmed the district court's pre-filing injunction).  Filing numerous motions for relief and other post-judgment motions after the case has been dismissed or otherwise concluded has been considered vexatious and abusive conduct appropriately addressed by a pre-filing injunction.  *See Danihel*, 640 F. App'x at 190 (affirming pre-filing injunction addressing two dozen "requests for relief" plaintiff filed after his second action was dismissed); *Robinson v. New Jersey Mercer Cty. Vicinage-Family Div.*, 562 F. App'x 145, 148 (3d Cir. 2014) (district court did not abuse its discretion in entering pre-filing injunction where plaintiff filed more than seven motions after case

---

[78] Indeed, Mina has already filed a motion for reconsideration and a motion for recusal.  *See* Motion for Reconsideration of Order Dated March 7, 2019 (Doc. No. 23) (requesting vacation of order prohibiting him from sending documents or communications directly to the judge or his staff through email or regular mail and requiring him to submit all documents in the form of a pleading with the Clerk of Court in accordance with the Notice of Guidelines for Representing Yourself (Appearing "Pro Se") in Federal Court); Motion for Judge Timothy J. Savage's Recusal (Doc. No. 24).

concluded); *Grossberger*, 535 F. App'x at 86 (upholding pre-filing injunction when plaintiff filed more than ten motions, letters and appeals after the case was closed).   Similarly, when the filings are repetitious and non-meritorious, a district court may place filing restrictions on the plaintiff.   *See Danihel*, 640 F. App'x at 190 (affirming pre-filing injunction designed to stop the plaintiff's "relentless barrage of meritless filings"); *Grossberger*, 535 F. App'x at 86 ("none of [plaintiff's] repetitious filings have presented a meritorious basis for reopening his case").

*Mina Had Notice and an Opportunity to Oppose the Proposed Pre-Filing Injunction*

Mina had notice of the potential injunction and was given an opportunity to oppose it.  After the defendant filed a motion for a pre-filing injunction, we issued an order to show cause why an injunction should not be granted.   *See Danihel*, 640 F. App'x at 190 (show cause order provided plaintiff with ample notice of the possibility of a pre-filing injunction and afforded him opportunity to show why such an injunction should not be imposed); *Mina v. United States Dist. Court for E. Dist. of Pennsylvania*, 710 F. App'x at 518 (Mina afforded proper notice when court entered pre-filing injunction only after Mina received Government's statement of interest seeking a pre-filing injunction and court received Mina's response to government's request); *Bishop v. Dep't of Homeland Sec.*, No. CIV. 14-5244 FLW, 2015 WL 2125782, at *8 (D.N.J. May 6, 2015), *aff'd*, 648 F. App'x 180 (3d Cir. 2016).   The show cause order instructed Mina to specifically address why he should not be enjoined from filing any new action against any defendant he has previously named in his prior federal actions or that raises claims related to those he asserted in his earlier federal actions.

In his opposition to the motion for a pre-filing injunction, Mina does not offer any reason why an injunction should not issue. Instead, while ranting about conspiracies and lies aimed at preventing him from obtaining relief, he defiantly warns that the "judges in the Federal Court . . . will never be able to stop [him] from filing law suits in Federal Court."[79] It is clear that Mina will not abide by any limit on his filing future lawsuits, no matter the scope of the injunction.

*The Proposed Pre-Filing Injunction is Narrowly Tailored to the Circumstances of this Case*

Typically, the scope of a pre-filing injunction must be limited to filings against defendants who have been previously named or involve the subject matter at issue. In *Day*, 549 F. App'x 66, because the injunction was limited to enjoining filings against the same defendants whom the plaintiff had named in the previously filed lawsuits or filings related to his state-court conviction at issue, the Third Circuit held that the injunction was sufficiently narrow to fit the circumstances of the case. *Id.* at 67. Conversely, a district court's order barring the plaintiff from filing any future civil action in the court's judicial district was found to be overly broad. *Hill v. Carpenter*, 323 F. App'x 167, 171 (3d Cir. April 22, 2009) (citing *In re Packer Ave. Assocs.*, 884 F.2d 745, 748 (3d Cir.1989) ("There simply is no support in the law for permitting an injunction prohibiting a litigant from ever filing a document in federal court.")).

The injunctions issued by Judge Pappert easily met these requirements because they only prohibit Mina from filing actions against two distinct groups of defendants. They are the United States, its agencies and its employees, and Chester County, its

---

[79] Pl.'s Opp'n to Def. Lumber Liquidators' Request for Injunction Restricting Pl. from Filing Documents (Doc. No. 41) at ECF 3 (Civ. A. No. 18-5556).

employees, Chester County District Attorney Hogan, Chester County Court of Common Pleas court reporter Handy, private attorney Rivera, and the law firm MacElree Harvey. The reason the injunctions were limited to those defendants is because they had moved for the entry of a pre-filing injunction to protect them against Mina's abusive conduct.

Mina has been continually abusing the judicial process and has been doing so in disregard of prior injunctions enjoining him from filing abusive and groundless actions that appear to be vindictive. He names as defendants anyone whom he perceives as conspiring against him, who has opposed his positions, and who has ruled against him in judicial proceedings. Each time his case is dismissed, he makes the same claims in a new action, adding as defendants the judges who ruled against him in the last case. He has repeatedly violated court orders, including two pre-filing injunctions. It is apparent that Mina will continue to do so regardless of any order entered in this case.

Typically, and for good reason, pre-filing injunctions must be narrowly circumscribed to meet the needs of the case. In this case, to ensure that Mina does not continue to abuse the judicial process, the pre-filing injunction must be broader than the previous two.

His repeated filings have consumed enormous expenditures of time and costs. The defendants are forced to defend frivolous and bizarre claims at substantial expense. The courts must devote substantial time and effort to wade through his lengthy and incomprehensible pleadings, taking time and resources from the consideration and resolution of meritorious cases.

Given Mina's undeterred pursuit of his meritless conspiracy theories and harassment of the same defendants, a broader injunction that addresses more

defendants and restricts the subject matter upon which Mina can base future filings is necessary. We shall restrict Mina from filing, without leave of court, any pleading, motion or other paper in any of his previously filed federal actions,[80] and from filing any new proceeding or action raising any claims previously made, including those related to his state court civil and criminal matters between 1996 and 2019 in Chester, Montgomery and Delaware Counties, Pennsylvania.

The injunction is narrowly tailored to restrict Mina from filing new actions against defendants that he has previously sued regarding the same claims or issues. Although this injunction also restricts Mina from filing an action against defendants he has not named previously,[81] he will be precluded from asserting a claim against new defendants only if it pertains to the subject matter at issue, which is the handling of his state court civil and criminal matters between 1996 and 2018 in Chester, Delaware and Montgomery Counties.

Access to the courts will not be denied. Mina will be permitted to file an action if he obtains leave of court. He will not be foreclosed from filing an action asserting new, non-frivolous claims against any defendants.

## Conclusion

Mina's claims are abusive, vexatious, repetitive and meritless. Additionally, each is precluded by either a failure to state a legally sufficient federal cause of action, the

---

[80] The ten previously filed federal lawsuits are Civil Action Nos. 13-7622; 14-6261; 15-5452; 16-1013; 18-2455; and 18-5556, and Miscellaneous Action Nos. 14-221; 14-222; 14-254; and 14-259.

[81] This restriction is necessary because Mina frequently names individuals or entities as defendants that are unrelated or only tangentially related to his claims, including judges who have not ruled in his favor.

*Rooker-Feldman* doctrine, the statute of limitations, immunity or mootness.  Therefore, we shall grant the motions to dismiss the amended complaint.

Given Mina's persistent disregard of prior pre-filing injunctions and his history of filing repetitious actions and pleadings, we shall issue a broader injunction enjoining him from filing future actions without court authorization.